[814 NYS2d 205]

In the Matter of SHELDON H. KRONEGOLD (Admitted as SHELDON HERBERT KRONEGOLD), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 25, 2006

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Robert J. Saltzman* and *Michelle Martino* of counsel), for petitioner.

*Jerome Karp*, Brooklyn (*Richard E. Mischel* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated December 14, 2004, containing three charges of professional misconduct, and the respondent served an answer. At a preliminary conference on February 1, 2005, the parties agreed to amend Charge Three, and at the hearing on May 3, 2005, the petitioner withdrew a portion of Charge Two. The Special Referee sustained all of the charges, as amended. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent does not oppose the petitioner's motion to the extent that it seeks to confirm Charge One, but he cross-moves to disaffirm the Special Referee's report with respect to Charges Two and Three. The respondent also requests that the sanction imposed be limited to a public censure.

Charge One alleges that the respondent engaged in a pattern and practice of failing to timely file retainer and closing statements with the Office of Court Administration (hereinafter OCA) in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and Rules of the Appellate Divisions, First and Second Departments (22 NYCRR) § 603.7 (a) and § 691.20 (a).

Between January 1997 and May 2003, the respondent was retained in at least 70 contingent fee personal injury matters from both his Queens County and New York County offices.

The respondent knew or should have known that he was required to file retainer statements with OCA for each of these matters pursuant to the Rules of the Appellate Divisions for the First and Second Judicial Departments.

The respondent failed to file retainer statements until in or about March 2004 after his appearance before counsel to the petitioner.

Charge Two, as amended, alleges that the respondent employed or paid a nonlawyer to solicit retainers to perform legal services in violation of Code of Professional Responsibility DR 2-103 (22 NYCRR 1200.8) and Judiciary Law § 482.

In or about January 1996 Ana Rivera was injured in a slip-and-fall accident. Following her release from the hospital, her retainer was solicited by a nonlawyer acting on the respondent's behalf.

The credible evidence adduced and the reasonable inferences to be drawn therefrom support the Special Referee's findings in sustaining Charges One and Two, as amended. The petitioner's motion to confirm is granted with respect to Charges One and Two, as amended, and denied with respect to Charge Three. The respondent's cross motion is granted to the extent that Charge Three is not sustained, and is otherwise denied.

In determining an appropriate measure of discipline to impose, the petitioner's records reveal that with respect to the respondent's prior disciplinary history, in September 2000 the respondent was issued a letter of caution for failure to reregister with OCA.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of two years.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted to the extent of sustaining Charges One and Two, as amended and is otherwise denied; and it is further,

Ordered that the respondent's cross motion is granted solely to the extent that Charge Three is not sustained and is otherwise denied; and it is further,

Ordered that the respondent, Sheldon H. Kronegold, admitted as Sheldon Herbert Kronegold, is suspended from the practice of law for a period of two years, commencing May 26, 2006, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of that period upon furnishing satisfactory proof that during that period (1) he refrained from practicing or attempting to practice law, (2) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (3) he

has complied with the continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Sheldon H. Kronegold, admitted as Sheldon Herbert Kronegold, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Sheldon H. Kronegold, admitted as Sheldon Herbert Kronegold, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).